**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Christopher W. ROBINSON,**
**Defendant–Appellant.**

No. 02–3081.

United States Court of Appeals,
Seventh Circuit.

Submitted April 28, 2003.

Decided April 28, 2003.

Before POSNER, MANION, and WILLIAMS, Circuit Judges.

## ORDER

Christopher Robinson pleaded guilty to conspiracy to distribute cocaine, 21 U.S.C. § 846, 841(a)(1), and was sentenced to 188 months' imprisonment as a career offender. Robinson filed a notice of appeal, but his attorney has moved to withdraw, asserting that there are no nonfrivolous issues for appeal. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We notified Robinson of his right to respond to counsel's brief, but he has not done so. *See* Cir. R. 51(b). Thus, because counsel's *Anders* brief is facially adequate, our review is limited to the po-

tential issues that counsel discusses. *United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997) (per curiam). We agree that an appeal based on those potential issues would be frivolous, so we grant counsel's motion to withdraw and dismiss the appeal.

Counsel first notes that Robinson does not want to withdraw his guilty plea and thus correctly concludes that it would not be appropriate to challenge on appeal the knowing and voluntary nature of his plea. *See United States v. Knox,* 287 F.3d 667, 671–72 (7th Cir.2002).

Counsel next discusses potential challenges to Robinson's sentence. Counsel considers whether Robinson could argue that the district court erroneously calculated his criminal history points on the premise that three of his offenses were related. We agree with counsel, however, that such an argument would be frivolous because the offenses were separated by intervening arrests and thus were not related. *See* U.S.S.G § 4A1.2, comment. (n.3). In any event, Robinson's status as a career offender mandated a criminal history category of VI. *See* U.S.S.G. § 4B1.1(b); *United States v. Gilliam,* 255 F.3d 428, 435 (7th Cir.2001). Counsel also questions whether the court erred in considering convictions that were more than ten years old when Robinson committed the current offense, but counsel is correct that the presentence report did not include such convictions and that the court did not consider any convictions more than ten years old. Thus, it would be frivolous to challenge Robinson's sentence on that ground. Additionally, counsel considers whether Robinson could challenge the district court's refusal to depart downward based on the overrepresentation of his criminal history and his extraordinary acceptance of responsibility. The district court recognized its discretion to depart based on an overrepresentation of criminal history, *see* U.S.S.G. § 4A1.3,

but refused to do so because it felt that category VI accurately reflected Robinson's history. Thus, counsel is correct that it would be frivolous to raise this issue on appeal because we would lack jurisdiction to review the court's discretionary decision. *See United States v. Griffin*, 150 F.3d 778, 787–88 (7th Cir.1998). As for the court's refusal to depart based on extraordinary acceptance of responsibility, the court erroneously thought that it did not have the discretion to depart on that basis. *See United States v. Grasser*, 312 F.3d 336, 340 (7th Cir.2002); *United States v. Bean*, 18 F.3d 1367, 1369 (7th Cir.1994). Nevertheless, counsel is correct that it would be frivolous to raise the issue on appeal because the court made clear that, even if it had the authority, it would not depart from the guidelines because there was nothing extraordinary about Robinson's acceptance of responsibility.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.